### CLASON v. NASSAU FERRY CO. et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

CORPORATIONS—INSPECTION OF BOOKS—COUNSEL FEES.

>Where a stockholder, applying for mandamus to compel an inspection of the corporation books, obtains only part of the relief demanded, he cannot recover counsel fees, it being impossible to separate the services rendered in obtaining the relief he was entitled to from the remainder.

Appeal from appellate term.

Action by Augustus Clason against the Nassau Ferry Company and another. From a judgment of the appellate term of the supreme court (45 N. Y. Supp. 675) modifying a judgment of the general term of the city court, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Sol. Hanford, for respondents.

VAN BRUNT, P. J.    We might rest our decision of this case upon the opinion of the court on the appeal, but we think there is another ground upon which its judgment may be sustained. It appears that the plaintiff, in his demand upon the corporation to see the corporation books, made the same in such broad terms that the corporation was justified in refusing it. The proceedings were instituted by the plaintiff for the enforcement of this demand; and it was decided at the special term that he was entitled to the relief which he asked for; but upon appeal to the general term it was held that he was only entitled to a portion of such relief, and he obtained an order granting him relief to that extent, without costs of the appeal. It is impossible to separate the services rendered in this proceeding, in the attempt to enforce that part of the relief which was denied, from those which were rendered in respect to the relief granted. It was evident that the plaintiff was of the opinion that he was entitled to the whole of such relief, and his efforts were directed to that end. As a consequence, he cannot now be heard to say that this word was spoken and act done for the purpose of obtaining one branch of the relief sought, and the other word spoken and act done for the obtaining of the other branch of the relief. The whole application was one application. As a whole, the court held that it was rightfully denied. Consequently, there was no basis for a recovery for the value of the alleged services rendered in respect to that application.

The determination appealed from should be affirmed, with costs. All concur.